IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RASHID ASHONTE HOLBROOK, #322-786  *
    Petitioner
                                *

v.                                     CIVIL ACTION NO. WDQ-07-187
                                *

WARDEN
    Respondent                      *
                              ******

## **MEMORANDUM**

Petitioner Rashid Ashonte Holbrook, an inmate confined at the Maryland House of Correction in Jessup, Maryland, filed the instant 28 U.S.C. § 2254, attacking the constitutionality of his convictions and sentences entered in the Circuit Court for Wicomico County, Maryland, in October of 2004.[1]  Paper No. 1.  Petitioner alleges that the trial court erred by not admitting a "tape" into evidence and by limiting the testimony of the forensic psychiatrist.  He further alleges he was denied the effective assistance of counsel and that the sentencing court erred. *Id.*

Respondents argue the Petition should be dismissed due to Petitioner's failure to exhaust available state court remedies.  Paper No. 8.  Specifically, Respondents state that Petitioner has not pursued state post-conviction relief.[2]  *Id.*

Under *Rose v. Lundy*, 455 U.S. 509, 518 (1982), before seeking habeas relief in federal court, Petitioner must exhaust each claim presented to the federal court through remedies available in state court.  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim.  *See* 28 U.S.C. § 2254(b) and (c); *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).  In Maryland, this may be accomplished by raising certain claims

---

[1] A jury found Petitioner guilty of manslaughter, assault in the first degree and several handgun offenses. He was sentenced to a total of 45 years incarceration.  Paper No. 8, Exs. 1 and 2.

[2] Petitioner's direct appeal was denied on March 17, 2006.  The mandate issued on April 17, 2006. *Id.*, Ex. 2.  His convictions therefore became "final" on May 2, 2006, upon expiration of the time for seeking certiorari in the Court of Appeals of Maryland.  *See* Md. Rule 8-302(a); *Wade v. Robinson*, 327 F. 3d 325, 330-33 (4th Cir. 2003).

on direct appeal and others by way of post-conviction proceedings. *See Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994). This exhaustion requirement is not a jurisdictional condition to federal habeas corpus relief but rather a matter of comity. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be provided the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

In most circumstances, this Court would dismiss the petition without prejudice for non-exhaustion. The dismissal of this Petition, however, would potentially bar Petitioner from re-filing a § 2254 petition in light of the one-year limitation provision set out under 28 U.S.C. § 2244(d). This Court has discretion to stay a habeas petition, such as this one, that contains exhausted and unexhausted claims, to allow Petitioner to present his unexhausted claims to the state court. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). The Court cannot say on the record before it that Petitioner's claims are without merit, nor is there any evidence before the Court that Petitioner has engaged in intentionally dilatory ligation tactics. *Rhines*, 544 U.S. at 277. Accordingly, this Court finds that good cause exists to stay the instant proceedings while Petitioner completes state court review. The Court shall hold in abeyance review of this matter and administratively close this case pending the exhaustion of state court remedies.

Petitioner and Respondents shall be required to provide this Court a status report at three month intervals in order to apprize the Court of the filing status of a post-conviction petition. Petitioner is further advised that stay of these proceedings is conditioned upon petitioner commencing state post-conviction proceedings within sixty days of this order. Petitioner is cautioned that his failure to timely institute state post-conviction proceedings or to furnish this Court timely and complete status reports will result in the dismissal of this federal habeas corpus petition

without further notice from this Court.  The first status report shall be filed no later than September 17, 2007.[3]

      A separate Order shall be entered reflecting the opinion set out herein.

| | |
|---|---|
| June 22, 2007 | /s/ |
| Date | William D. Quarles, Jr. |
| | United States District Judge |

---

[3] The Clerk shall be directed to administratively close this case.  Petitioner shall move to reopen the matter within sixty days of the date his state court remedies are exhausted.